**FILED**
CLERK, U.S. DISTRICT COURT

02/04/2026

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____AP_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESSE BAZ, JR.,<br><br>Defendant. | ED CR No. 5:26-cr-00024-JGB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 924(c)(1)(B)(i): Possession of a Short-Barreled Shotgun in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 18 U.S.C. § 924, 21 U.S.C. § 853, 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii)]

On or about October 7, 2025, in Riverside County, within the Central District of California, defendant JESSE BAZ, JR. knowingly and intentionally possessed with intent to distribute at least 50

grams, that is, approximately 190.9 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(B)(i)]

On or about October 7, 2025, in Riverside County, within the Central District of California, defendant JESSE BAZ, JR. knowingly possessed a J. Stevens Arms & Tool Co. short-barreled shotgun, model #107, bearing internal identification number RE162, in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about October 7, 2025, in Riverside County, within the Central District of California, defendant JESSE BAZ, JR. knowingly possessed the following firearm and ammunition, each in and affecting interstate and foreign commerce:

1.   A J. Stevens Arms & Tool Co. short-barreled shotgun, model #107, bearing internal identification number RE162;

2.   One FIEM s.n.c. 12-gauge shotgun shell;

3.   One Fiocchi Munizioni 12-gauge shotgun shell;

4.   Five Remington 12-gauge shotgun shells;

5.   21 Winchester 12-gauge shotgun shells;

6.   Five rounds of Remington 30-06 Springfield ammunition; and

7.   50 rounds of Winchester 32 Auto ammunition.

Defendant BAZ possessed this firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Riverside, case number RIF110382, on or about June 13, 2003;

2.   Vehicle Theft, in violation of California Vehicle Code Section 10851(a), in the Superior Court of the State of California, County of Riverside, case number RIF113407, on or about December 1, 2003;

3.   Felony Evasion, in violation of California Vehicle Code Section 2800.2, in the Superior Court of the State of California,

4

County of Riverside, case number RIF120476, on or about January 7, 2005;

4.    Vehicle Theft with a Prior, in violation of California Penal Code Section 666.5(a), in the Superior Court of the State of California, County of Riverside, case number RIF120476, on or about January 7, 2005;

5.    Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, case number RIF150429, on or about May 14, 2009;

6.    Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(4), in the Superior Court of the State of California, County of Riverside, case number RIF1300332, on or about April 9, 2013;

7.    Second Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Riverside, case number RIF1304321, on or about June 11, 2013;

8.    Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Riverside, case number RIF1503452, on or about June 8, 2015;

9.    Receive Stolen Property, in violation of California Penal Code Section 496(d), in the Superior Court of the State of California, County of Riverside, case number RIF1800834, on or about September 12, 2018;

10.   Identity Theft with a Prior, in violation of California Penal Code Section 530.5(c)(2), in the Superior Court of the State of

California, County of Riverside, case number RIF1801825-1, on or about September 12, 2018;

11.   Identity Theft with a Prior, in violation of California Penal Code Section 530.5(c)(2), in the Superior Court of the State of California, County of Riverside, case number RIF2003662, on or about November 24, 2020;

12.   Attempted Voluntary Manslaughter, in violation of California Penal Code Sections 664 and 192(a), in the Superior Court of the State of California, County of Riverside, case number RIF2201779, on or about March 3, 2023;

13.   Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF2201779, on or about March 3, 2023; and

14.   Willful Discharge of a Firearm with Gross Negligence, in violation of California Penal Code Section 246.3(a), in the Superior Court of the State of California, County of Riverside, case number RIF2201779, on or about March 3, 2023.

COUNT FOUR

[26 U.S.C. § 5861(d)]

On or about October 7, 2025, in Riverside County, within the Central District of California, defendant JESSE BAZ, JR. knowingly possessed a J. Stevens Arms & Tool Co. short-barreled shotgun, model #107, bearing internal identification number RE162, which defendant BAZ knew to be a firearm and short-barreled shotgun, as defined in Title 26, United States Code, Sections 5845(a)(1) and 5845(d), and which had not been registered to defendant BAZ in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

8

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two or Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 5872 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Four of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

11

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Chief, Riverside Office

STEPHEN T. MERRILL
Special Assistant United States
Attorney
Riverside Office

12